UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel. MCLAUGHLIN,<br><br>Plaintiff,<br><br>v.<br><br>SHAW ENVIRONMENTAL & INFRASTRUCTURE, INC., et al.,<br><br>Defendants. | Case No. 14-cv-01509-JD<br><br>**ORDER RE MOTION TO AMEND OR ALTER JUDGMENT** |

In this *qui tam* case brought under the False Claims Act (FCA), the Court dismissed relator Kevin McLaughlin's claims under the first-to-file bar, 31 U.S.C. § 3730(b)(5), and closed the case. Dkt. No. 193 at 8-9, 13-14. McLaughlin asks under Federal Rule of Civil Procedure 59(e) to amend the judgment to clarify that the Tetra Tech defendants are out of the case, and that McLaughlin may continue with his claims against the Shaw defendants. Dkt. No. 196.

Strictly speaking, no judgment was entered and so a Rule 59 motion is not appropriate. The better approach is to resolve McLaughlin's request pursuant to the Court's inherent authority to review interlocutory orders. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

As discussed in the dismissal order, the relators' complaints were difficult to follow, and the parties' massive briefing on multiple motions to dismiss did not improve the lack of clarity. *See* Dkt. No. 193. The Court spent substantial effort sorting out the arguments and determined, for the reasons discussed in detail in the order, that McLaughlin was wrong to contend that the "first-to-file bar does not apply to *McLaughlin*'s claims because the prior *Wadsworth* complaint of 2016 did not alert the Navy to the D-1, IR-18 and IR-07 frauds conducted for other prime contractors SHAW and ERRG." Dkt. No. 180 at 12-13.

1          McLaughlin expressly mentioned the Shaw defendants in connection with this argument, and did not draw a clear line between them and the Tetra Tech defendants. Even so, McLaughlin now says that that first-to-file argument was intended solely in support of the claims against the Tetra Tech defendants. He identifies independent allegations against the Shaw defendants to the effect that they "intentionally dumped PCB contaminated water into the SF Bay," "failed to collect and treat contaminated wastewater from dewatering cells and other sources," "performed radiological testing in trenches submerged in water," and "retaliated by terminating and not rehiring McLaughlin." Dkt. No. 196 at 7. McLaughlin suggests that these allegations are substantially different from the "essential material elements . . . contained in the *Jahr* complaint." *Id.*; *see United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181 (9th Cir. 2001); *United States ex rel. Hartpence v. Kinetic Concepts. Inc.*, 792 F.3d 1121 (9th Cir. 2015) (en banc).

The Shaw defendants have not demonstrated otherwise. Their main response is that they filed a joinder to the Tetra Tech defendants' motion to dismiss, and that the Rule 59 standard should be reserved for special circumstances, which as discussed is beside the point. Dkt. No. 198. They do not contest the substantive portion of McLaughlin's suggestion.

A good argument can be made that any confusion here is attributable to McLaughlin, and that he should live with the consequences. Nevertheless, the Court exercises its authority to amend the dismissal order. *See City of Los Angeles*, 254 F.3d at 887. The basis on which the Court dismissed McLaughlin's claims, Dkt. No. 193 at 8-9, 13-14, applies to the Tetra Tech defendants only. To round out the discussion, the reason that the FCA's first-to-file bar does not preclude McLaughlin's claims against the Shaw defendants is because those claims are different from the FCA claims that were alleged in the *Jahr* action, No. 13-3835.

Consequently, the dismissal order is amended to dismiss the claims against these defendants only: Tetra Tech EC, Inc., Tetra Tech Inc., IO Environmental & Infrastructure, Inc., and Radiological Survey & Remedial Services, LLC. The case is re-opened and will proceed as against these defendants: Shaw Environmental & Infrastructure, Inc., Chicago Bridge & Iron Company N.V., Aptim Federal Services, LLC, and Aptim Corporation.

In light of these developments, the Court questions whether the *McLaughlin* case, No. 14-1509, and the *Jahr* case, No. 13-3835, remain related under Civil Local Rule 3-12. Each party or affiliated party group is directed to file a statement by March 16, 2023, presenting its views on whether the related case designation should remain in place. The statements may not exceed five pages and will be filed simultaneously. No further briefing will be accepted unless requested by the Court.

**IT IS SO ORDERED.**

Dated: March 8, 2023

JAMES DONATO
United States District Judge

3