Kimberly B. Martin (admitted *pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue W, Suite 900
Huntsville, AL 35801
Phone: (256) 517-5155
kmartin@bradley.com

Kimberly M. Ingram (State Bar No. 305497)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
Phone: (615) 252-3592
kingram@bradley.com

Lyndsay E. Medlin (admitted *pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Phone: (704) 338-6131
lmedlin@bradley.com

*Attorneys for Shaw Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. KEVIN MCLAUGHLIN,<br><br>Plaintiffs,<br><br>v.<br><br>SHAW ENVIRONMENTAL & INFRASTRUCTURE, INC., et al.,<br><br>Defendants. | Case No. 3:14-cv-01509 JD<br><br>**SHAW DEFENDANTS' ANSWER TO RELATOR'S THIRD AMENDED COMPLAINT** |

Defendants Shaw Environmental & Infrastructure, Inc. ("Shaw"), Chicago Bridge & Iron Company N.V. ("CB&I"), Aptim Corporation, and Aptim Federal Services, LLC (collectively, "Aptim" and, collectively with Shaw and Chicago Bridge, the "Shaw Defendants") submit the following Answer and defenses to the Third Amended Complaint ("TAC") filed by Relator Kevin McLaughlin ("Relator"). To the extent that any allegations of Relator's Complaint are not expressly

admitted or denied herein, they are hereby denied. Shaw Defendants respond to the numbered paragraphs in Relator's TAC as follows:

# I.    <u>INTRODUCTION</u>

1.    Shaw Defendants admit that that this is an action to recover alleged damages and civil penalties from Aptim, that CB&I acquired Shaw, and that Aptim acquired certain assets of CB&I. Shaw Defendants deny the remaining allegations set forth in Paragraph 1, including but not limited to the legal conclusions as to successorship and liability.

2.    The allegations set forth in Paragraph 2 are directed towards Tetra Tech and not Shaw Defendants.  To the extent a response is required, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore those allegations are denied.

3.    The allegations set forth in Paragraph 3 are directed towards RSRS and not Shaw Defendants. To the extent a response is required, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore those allegations are denied.

4.    The allegations set forth in Paragraph 4 are directed towards IO Environmental and not Shaw Defendants. To the extent a response is required, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore those allegations are denied.

5.    The allegations set forth in Paragraph 5 call for a legal conclusion to which a response is not required. To the extent that a response is required, Shaw Defendants deny this allegation as a materially incomplete recitation of applicable law.

6.    Shaw Defendants admit that Paragraph 6 accurately describes Relator's allegations, but deny that those allegations have any merit as to Shaw Defendants. Shaw Defendants specifically deny that Relator or the United States is entitled to any damages or civil penalties and that Shaw Defendants submitted any false or improper claims to the government.

7.    Shaw Defendants deny the allegations contained in Paragraph 7, inclusive of subparts A-K.

8.    This allegation is directed towards Tetra Tech and not Shaw Defendants. To the extent a response is required, Shaw Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore those allegations are denied.

9.    This allegation is directed towards RSRS and not Shaw Defendants. To the extent a response is required, Shaw Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore those allegations are denied.

10.    This allegation is directed towards IO Environmental and not Shaw Defendants. To the extent a response is required, Shaw Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore those allegations are denied.

11.    Shaw Defendants admit that Paragraph 11 accurately describes Relator's demand but deny his entitlement to such damages and penalties.

## II.    PARTIES

12.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 12 and therefore those allegations are denied. As to the remaining allegations of Paragraph 12, Shaw Defendants admit that: (i) Relator worked for Shaw as a Radiological Technician 4 on a temporary basis at HPS from approximately February 26, 2011 until February 24, 2012, and as a full-time radiological technician for Shaw on various projects from February 25, 2012 until approximately December 26, 2012, when he was furloughed for lack of work. Relator was terminated on April 11, 2013 as part of a reduction in force layoff. As a radiological technician, Relator worked on the remediation project at HPS Shipyard ("HPS"). Shaw Defendants deny all other allegations of Paragraph 12.

13.    As to Paragraph 13, Shaw Defendants admit that Shaw: (i) was a global construction and environmental services company with a corporate headquarters in Baton Rouge, Louisiana; (ii) was affiliated with Shaw Group, Inc.; (iii) performed remediation work in addition to other services; and (iv) was acquired by CB&I. Relator's allegations regarding Shaw's size and revenues are vague in that they lack a time frame such that Shaw therefore cannot respond to them and therefore denies the same. Shaw Defendants deny all remaining allegations contained in Paragraph 13.

14.    As to Paragraph 14, Shaw Defendants admit that CB&I: (i) was formed in the Netherlands and maintained its global headquarters there; (ii) was an engineering, procurement and construction services provider; and (iii) acquired the Shaw Group in 2013 and continued certain of its operations on HPS and Treasure Island. Relator's allegations regarding CB&I's size are vague in that they lack a time frame such that Shaw therefore cannot respond to them and therefore denies the same. The final two sentences of Paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, Shaw Defendants deny the allegations of the final two sentence of Paragraph 14.  Shaw Defendants deny all remaining allegations contained in Paragraph 14.

15.    Shaw Defendants admit that: (i) on June 30, 2017, CB&I sold its capital services operations, including the remnants of Shaw, to CSVC Acquisition Corp., an affiliate of Veritas Capital and (ii) CSVC Acquisition Corp. thereafter rebranded as Aptim.  Shaw Defendants deny all remaining allegations contained in Paragraph 15.

### III.    JURISDICTION AND VENUE

16.    The allegations set forth in Paragraph 16 call for a legal conclusion to which a response is not required. To the extent a response is required, Shaw Defendants do not contest subject matter jurisdiction.

17.    The allegations set forth in Paragraph 17 call for a legal conclusion to which a response is not required. To the extent a response is required, Shaw Defendants do not contest jurisdiction over Shaw Defendants.

18.    The allegations set forth in Paragraph 17 call for a legal conclusion to which a response is not required. To the extent a response is required, Shaw Defendants do not contest venue.

19.    Shaw Defendants admit that many of the facts relevant to this action occurred in the City and County of San Francisco, but deny that those facts give rise to a cause of action.

# IV.    <u>BACKGROUND</u>[1]

20.    Shaw Defendants admit that HPS is located in the City and County of San Francisco, California and, upon information and belief, admit that HPS's primary purpose prior to closure was naval shipyard activities. Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 and therefore those allegations are denied

21.    Upon information and belief, Shaw Defendants admit that HPS was designated for closure pursuant to the Defense Base Closure and Realignment Act of 1990 and that the federal government ordered environmental remediation in connection with the closure. Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and therefore those allegations are denied.

22.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first four sentences of Paragraph 22 and therefore those allegations are denied. Shaw Defendants deny the allegations contained in the final sentence of Paragraph 22.

23.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and therefore those allegations are denied.

24.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore those allegations are denied.

25.    Shaw Defendants admit that in or about May 2009, the Navy awarded the Shaw Defendants a contract to execute a Time Critical Removal Action (TCRA) for Polychlorinated Biphenyls (PCBs) within Parcel E-2 on HPS. The terms of that written document and its subsequent modifications speak for themselves (and have been previously produced). Shaw Defendants deny the remaining allegations contained in Paragraph 25, to the extent inconsistent with this express admission and the plain language of the documents.

---

[1] Throughout the TAC, Relator uses subheadings. These have been omitted from the answer as they are not allegations and, at times, are confusing as to the contents of the allegations and/or contain legal argument. To the extent Relator intends for any of the subheadings to contain allegations, Shaw Defendants deny such allegations.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

26.     Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore those allegations are denied.

27.     Paragraph 27 purports to describe the terms of a document that speaks for itself. Shaw Defendants deny any allegations inconsistent with the plain language of the written document.

28.     The first sentence of Paragraph 28 purports to describe the terms of an administrative document that speaks for itself. Shaw Defendants deny any allegations inconsistent with the plain language of the written document. Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 and therefore those allegations are denied.

29.     Shaw Defendants admit that in or about June 2009, the Navy awarded the Shaw Defendants a contract to remediate portions of HPS Parcel D-1 for potential radiological contamination. The terms of that written document and its subsequent modifications speak for themselves (and have been previously produced), and the Shaw Defendants deny the remaining allegations contained in Paragraph 29, to the extent inconsistent with this express admission and the plain language of the documents.

30.     Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore those allegations are denied.

31.     Upon information and belief, Shaw Defendants admit that Treasure Island became a naval station during World War II. Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 and therefore those allegations are denied.

32.     Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore those allegations are denied.

33.     Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and therefore those allegations are denied.

34.     Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and therefore those allegations are denied.

35.     Upon information and belief, Shaw Defendants admit that Treasure Island was closed as a naval station in or around 1997. Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and therefore those allegations are denied.

36.     Paragraph 36 describes an agreement among federal agencies, to which Shaw Defendants were not a party. That agreement speaks for itself, and Shaw Defendants have no information or belief beyond the plain words of that agreement. Shaw Defendants deny any allegations to the extent they are inconsistent with the plain words of the agreement.

37.     The allegations set forth in Paragraph 37 call for a legal conclusion to which a response is not required. To the extent that a response is required, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and therefore those allegations are denied.

38.     The allegations set forth in Paragraph 38 call for a legal conclusion to which a response is not required. To the extent that a response is required, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore those allegations are denied.

39.     The allegations set forth in Paragraph 39 call for a legal conclusion to which a response is not required. To the extent a response is required, the quoted statutes and regulations speak for themselves, and Shaw Defendants deny any allegations inconsistent with their plain language.

40.     The allegations set forth in Paragraph 40 call for a legal conclusion to which a response is not required. To the extent a response is required, the quoted statutes and regulations speak for themselves, and Shaw Defendants deny any allegations inconsistent with their plain language.

41.     The allegations set forth in Paragraph 41 call for a legal conclusion to which a response is not required. To the extent a response is required, the quoted statutes and regulations speak for themselves, and Shaw Defendants deny any allegations inconsistent with their plain language.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

42.     The allegations set forth in Paragraph 42 call for a legal conclusion to which a response is not required. To the extent a response is required, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore those allegations are denied.

43.     The allegations set forth in Paragraph 43 call for a legal conclusion to which a response is not required.  To the extent a response is required, Shaw Defendants deny the allegations of Paragraph 43.

## V.     SHAW CONTRACT

44.     Shaw Defendants admit contracting with the Navy for specific remediation projects on HPS and Treasure Island. Shaw Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 and therefore those allegations are denied.

45.     Paragraph 45 purports to describe the terms of Shaw Defendants' written contracts with the Navy, which speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the written contracts.

46.     Paragraph 46 purports to describe the terms of Shaw Defendants' written contracts with the Navy, which speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the written contracts.

47.     Paragraph 47 purports to describe the terms of Shaw Defendants' written contracts with the Navy, which speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the written contracts.

48.     Paragraph 48 purports to describe the terms of Shaw Defendants' written contracts with the Navy, which speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the written contracts.

49.     Paragraph 49 purports to describe the terms of Shaw Defendants' written contracts with the Navy, which speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the written contracts.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

50.    Paragraph 50 purports to describe the terms of Shaw Defendants' written contracts with the Navy, which speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the written contracts.

51.    Paragraph 51 purports to describe the terms of Shaw Defendants' written contracts with the Navy, which speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the written contracts.

52.    The first sentence of Paragraph 52 is so vague as to be unintelligible, as it is not clear to what "agreement" Relator is referring. Shaw Defendants therefore can neither admit nor deny these allegations and, therefore, deny the same. Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 52 and therefore those allegations are denied. The third sentence of Paragraph 52 quotes a document issued by the federal government, which speaks for itself. Shaw Defendants deny any allegations inconsistent with the plain language of that document.

53.    Shaw Defendants admit the allegations of Paragraph 53.

54.    Paragraph 54 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

55.    Paragraph 55 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

56.    Paragraph 56 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

57.    Paragraph 57 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

58.    Paragraph 58 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

59.    Paragraph 59 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

60.    Paragraph 60 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents and specifically deny that they made the stated "guarantee[s]" in such document.

61.    Paragraph 61 describes a contract that speaks for itself, and Shaw Defendants deny any allegations inconsistent with the plain language of that document. Further, Paragraph 61 draws a legal conclusion regarding the contract and inferences regarding another party's reasons for that contract.

62.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and therefore those allegations are denied.

63.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and therefore those allegations are denied.

64.    Paragraph 64 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

65.    Paragraph 65 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents and specifically deny that they made the stated "guarantee[s]" in such documents.

66.    Paragraph 66 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

allegations inconsistent with the plain language of the documents and specifically deny that they made the stated "guarantee[s]" in such documents.

67.    Paragraph 67 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

68.    Shaw Defendants admit that the Statement of Work for Task Order 005 states that PCB Hot Spot soils were potentially radiologically impacted and that it referenced radiological screening. The terms of the written documents governing work required for Task Order 005 speak for themselves, and the Shaw Defendants deny the remaining allegations contained in Paragraph 68 to the extent inconsistent with this express admission and the plain language of the documents.

69.    Paragraph 69 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

70.    Paragraph 70 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

71.    Paragraph 71 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

72.    Paragraph 72 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

73.    Paragraph 73 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

74.    Paragraph 74 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

75.     Paragraph 75 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

76.     Paragraph 76 purports to describe Shaw's contractual obligations, which are governed by the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents. Further, Shaw's contractual obligations as a result of these written documents call for a legal conclusion to which no response is required.

77.     Paragraph 77 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

78.     Paragraph 78 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

79.     The first two sentences of Paragraph 79 contain legal conclusions to which no response is required. Shaw Defendants admit that portions of work on HPS were governed by various regulatory bodies and deny any allegations inconsistent with the governing regulations. Shaw Defendants admit that Shaw held NRC Materials License no. 20-31340-01 during the time period in which Shaw worked on HPS Contract Task Orders 005 and 006. Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and therefore those allegations are denied

80.     Paragraph 80 purports to describe Shaw's Standard Operating Procedures, as well as the various written documents governing work at HPS, which are written documents that speaks for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of those documents and specifically deny that they made "guarantee[s]" in work orders.

81.      Paragraph 81 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

82.    Paragraph 82 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

83.    Paragraph 83 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

84.    Paragraph 84 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

85.    Paragraph 85 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

86.    Paragraph 86 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents and specifically deny that they made the stated "guarantee[s]" in such documents.

87.    Paragraph 87 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

88.    Paragraph 88 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

89.    Paragraph 89 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

90.    Paragraph 90 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

91.     Paragraph 91 purports to describe the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

92.     Paragraph 92 purports to describe regulations which speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the cited authority.

93.     The first sentence of Paragraph 93 purports to describe statutes and regulations which speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the cited authority. Shaw Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 93 and therefore those allegations are denied.

94.     Paragraph 94 purports to describe a regulation which speaks for itself. Shaw Defendants deny any allegations inconsistent with the plain language of the cited authority.

95.     Paragraph 95 purports to describe a regulation which speaks for itself. Shaw Defendants deny any allegations inconsistent with the plain language of the cited authority.

96.     Paragraph 96 purports to describe a regulation which speaks for itself. Shaw Defendants deny any allegations inconsistent with the plain language of the cited authority.

97.     Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 97 and therefore those allegations are denied. The second sentence of Paragraph 97 purports to describe regulations which speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the cited authority.

## VI.     GENERAL ALLEGATIONS

98.     Shaw Defendants admit that Shaw performed work at Parcels E-2 and D-1 between 2010 and 2012, which was governed by Task Orders 005 and 006.

99.     Shaw Defendants admit that Shaw assigned McLaughlin to work on HPS in February 2011. Shaw Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 99 and therefore those allegations are denied.

100.    Shaw Defendants deny the allegations contained in Paragraph 100.

101.    Paragraph 101 purports to describe Shaw's contractual obligations, which are governed by the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents. Further, Shaw's contractual obligations as a result of these written documents call for is a legal conclusion to which no response is required.

102.    Shaw Defendants admit that remediation work on Parcel E-2 involved excavation of potentially contaminated soil using what might be characterized as "heavy equipment." Shaw Defendants deny that soil or water was "often visibly contaminated" or "exhibit[ing] extensive PCB sheen." The remaining allegations of Paragraph 102 purport to describe the various written documents governing work at HPS. These written work plans, documents, and contracts speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents and specifically deny that Shaw Defendants violated any contractual or regulatory requirements.

103.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and therefore those allegations are denied.

104.    Paragraph 104 purports to describe the process outlined in various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

105.    Shaw Defendants admit that water could mix with soil as a natural part of the excavation process in the Tidally Influenced Zone ("TIZ"). Shaw Defendants deny any other allegations of Paragraph 105.

106.    Shaw Defendants admit that there were excavation pits of varying lengths at HPS, and depending on location in the TIZ, pits sometimes contained water. Shaw Defendants deny any other allegations of Paragraph 106.

107.    Shaw Defendants deny the allegations contained in Paragraph 107.

108.    The first two sentences of Paragraph 108 purport to describe Shaw's contractual obligations, which are governed by the various written documents governing work at HPS. These

written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents and specifically deny that they made the stated "guarantee[s]" in such document. Shaw Defendants deny the allegations contained in the remaining sentences of Paragraph 108.

109.    The second sentence of Paragraph 109 purports to describe Shaw's contractual obligations, which are governed by the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents. Shaw Defendants deny the allegations contained in the remaining sentences of Paragraph 109.

110.    Shaw Defendants deny the allegations contained in Paragraph 110.

111.    Shaw Defendants deny the allegations contained in Paragraph 111.

112.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 related to Relator allegedly having a conversation with Mr. Moore on November 9, 2010. However, Shaw Defendants deny that there was a basis for Relator's "protest" if any such conversation occurred.  Relator's allegations in Paragraph 112 are denied because they evidence a complete failure to understand the nature of the work on Parcel E-2.

113.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 related to Relator allegedly having a conversation with Mr. Shreve. However, Shaw Defendants deny that Shaw "allow[ed] hundreds of gallons of PCB contaminated water to drain into the Bay." Relator's allegations in Paragraph 113 are denied because they evidence a complete failure to understand the nature of the work on Parcel E-2.

114.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 related to Relator allegedly having a conversation with Mr. Shreve. However, Shaw Defendants deny that Shaw's "management planned, knew of, and enforced the release of PCB contaminated water into the Bay contrary to the contractual requirements with the Navy." Relator's allegations in Paragraph 114 are denied because they evidence a complete failure to understand the nature of the work on Parcel E-2.

1    115.    Shaw Defendants deny the allegations contained in Paragraph 115.

2    116.    Shaw Defendants admit that an individual named Leonard Lyons worked on HPS.

3    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of

4    the allegations in Paragraph 116 related to conversations between Relator and Mr. Lyons, but deny

5    that there was a basis for Mr. Lyons' alleged statements if made. Shaw Defendants deny the

6    remaining allegations contained in Paragraph 116.

7    117.    Shaw Defendants deny the allegations contained in Paragraph 117.

8    118.    Shaw Defendants admit that the Navy sometimes visited Parcel E-2 while Shaw was

9    working there and may have observed the excavation. Shaw Defendants deny the remaining

10    allegations contained in Paragraph 118.

11    119.    Shaw Defendants deny the allegations contained in Paragraph 119.

12    120.    The first sentence of Paragraph 120 purports to describe a document that speaks for

13    itself. Shaw Defendants deny any allegations inconsistent with the plain language of that document.

14    Shaw Defendants deny the remaining allegations contained in Paragraph 120.

15    121.    The first four sentences of Paragraph 121 purport to describe documents that speak

16    for itself. Shaw Defendants deny any allegations inconsistent with the plain language of that

17    document. Shaw Defendants deny the remaining allegations contained in Paragraph 121.

18    122.    Shaw Defendants deny the allegations of Paragraph 122.

19    123.    Shaw Defendants deny the allegations of Paragraph 123.

20    124.    Shaw Defendants deny the allegations contained in the first sentence of Paragraph

21    124. Shaw Defendants admit that a turbidity curtain is an anchored, flexible barrier, also known as

22    a silt screen, that floats in water and limits sediment from excavations from flowing to other parts

23    of a body of water. Shaw Defendants deny any other allegations of Paragraph 124.

24    125.    Shaw Defendants admit that a turbidity curtain was used in Parcel E-2. Shaw

25    Defendants deny the remaining allegations contained in Paragraph 125.

26    126.    Shaw Defendants admit that the efficacy of a turbidity curtain may be impacted by

27    installation and the physical condition of the curtain. However, Shaw Defendants are without

28

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

knowledge or information sufficient to form a belief as to the truth of the hypothetical allegations contained in Paragraph 126 and therefore those allegations are denied.

127.    Shaw Defendants deny the allegations contained in Paragraph 127.

128.    Shaw Defendants deny the allegations contained in Paragraph 128.

129.    Shaw Defendants deny the allegations contained in Paragraph 129.

130.    Shaw Defendants deny the allegations contained in Paragraph 130.

131.    Shaw Defendants deny the allegations contained in Paragraph 131. Further, to the extent certain allegations in Paragraph 131 rely upon documents, those documents speak for themselves.

132.    Shaw Defendants deny the allegations contained in Paragraph 132 and therefore those allegations are denied.

133.    As to Paragraph 133, Shaw Defendants admit that certain amounts of water can prevent scanning instruments from detecting some types of radiological contamination, depending on a variety of factors including the amount of water and the distance between the scanning instrument and the radiologically contaminated object. Shaw Defendants further admit Shaw transported excavated soils to Radiological Screening Pads for drying and scanning. The second and fourth sentences of Paragraph 133 purport to describe the process outlined in various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents. Further, Shaw Defendants deny the remaining allegations contained in Paragraph 133 not specifically addressed herein.

134.    Shaw Defendants deny the allegations contained in the first and second sentences of Paragraph 134. The remainder of Paragraph 134 purports to describe the process outlined in various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

135.    Shaw Defendants deny the allegations contained in Paragraph 135.

136.    Shaw Defendants deny the allegations contained in Paragraph 136.

137.    Shaw Defendants deny the allegations contained in Paragraph 137.

138.    Shaw Defendants deny the allegations contained in Paragraph 138.

139.    The first sentence of Paragraph 139 purports to describe the process outlined in various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents. Shaw Defendants further deny the remaining allegations contained in Paragraph 139.

140.    The first sentence of Paragraph 140 purports to describe the process outlined in various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents. Shaw Defendants further deny the remaining allegations contained in Paragraph 140.

141.    The first sentence of Paragraph 141 purports to describe the process outlined in various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents. Shaw Defendants further deny the remaining allegations contained in Paragraph 141.

142.    Shaw Defendants deny the allegations contained in Paragraph 142.

143.    Shaw Defendants deny the allegations contained in Paragraph 143.

144.    Shaw Defendants deny the allegations contained in Paragraph 144.

145.    Shaw Defendants deny the allegations contained in Paragraph 145.

146.    Shaw Defendants deny the allegations contained in Paragraph 146.

147.    Shaw Defendants deny the allegations contained in the first sentence of Paragraph 147. Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 and therefore those allegations are denied.

148.    Shaw Defendants admit that its employees were responsible for testing certain samples using a Ludlum Scaler Model 2929, among other instruments and equipment, and that such data is reported in units of disintegrations per minute (dpm) per 100 square centimeters. Shaw Defendants deny any remaining allegations contained in Paragraph 148.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    149.    Paragraph 149 purports to describe the process outlined in various written

2    documents governing work at HPS. These written work plans and documents speak for themselves.

3    Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

4    150.    The third sentence of Paragraph 150 purports to describe the process outlined in

5    various written documents governing work at HPS. These written work plans and documents speak

6    for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the

7    documents. Shaw Defendants deny the remaining allegations contained in Paragraph 150.

8    151.    Shaw Defendants admit that certain tests are run to assess the sensitivity of the

9    machine and that the proximity to sensors on the machine are a factor that can affect the readings

10    by the machine. Shaw Defendants deny the remaining allegations contained in Paragraph 151.

11    152.    Shaw Defendants deny the allegations contained in Paragraph 152.

12    153.    Shaw Defendants deny the allegations contained in Paragraph 153.

13    154.    Shaw Defendants deny the allegations contained in Paragraph 154.

14    155.    Shaw Defendants deny the allegations contained in Paragraph 155.

15    156.    Shaw Defendants are without knowledge or information sufficient to form a belief

16    as to the truth of the allegations contained in Paragraph 156 relating to Relator allegedly having a

17    conversation with Mr. Shreve, and accordingly deny those allegations. Shaw Defendants deny the

18    remaining allegations in Paragraph 156.

19    157.    Shaw Defendants deny the allegations contained in Paragraph 157.

20    158.    Shaw Defendants deny the allegations contained in Paragraph 158.

21    159.    Shaw Defendants deny the allegations contained in Paragraph 159 and subparts a-g.

22    160.    Shaw Defendants deny the allegations contained in Paragraph 160.

23    161.    Shaw Defendants are without knowledge or information sufficient to form a belief

24    as to the truth of the allegations contained in Paragraph 161 with regard to McLaughlin's transfer

25    prior to becoming an employee and therefore those allegations are denied.  Shaw Defendants admit

26    that the work on Parcels E-2 and D-1 addressed different remediation issues.

27    162.    Paragraph 162 purports to describe Shaw's contractual obligations, which are

28    governed by the various written documents governing work at HPS. These written work plans and

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

163.    Shaw Defendants deny the allegations contained in Paragraph 163.

164.    Paragraph 164 purports to describe Shaw's contractual obligations, which are governed by the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

165.    Paragraph 165 purports to describe Shaw's contractual obligations, which are governed by the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

166.    As to Paragraph 166, Shaw Defendants admit that certain reports to the Navy reference scan surveys.

167.    As to Paragraph 167, Shaw Defendants admit that certain amounts of water can prevent scanning instruments from detecting some types of radiological contamination, depending on a variety of factors including the amount of water and the distance between the scanning instrument and the radiologically contaminated object. Shaw Defendants deny any remaining allegations contained in Paragraph 167.

168.    Shaw Defendants deny the allegations contained in Paragraph 168.

169.    Shaw Defendants admit that their RCTs performed gamma scan surveys at Parcel D-1 and completed documentation regarding the same, but denies the remaining allegations contained in Paragraph 169.

170.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth and seventh sentences of Paragraph 170, which relate to the alleged conversation between Relator and Takeshi Ibuki. Therefore, Shaw Defendants deny those allegations. Shaw Defendants admit that an employee named Takeshi Ibuki performed work on HPS Parcel D-1. Shaw Defendants deny the remaining allegations contained in Paragraph 170.

171.    Shaw Defendants deny the allegations contained in Paragraph 171.

172.    Shaw Defendants deny the allegations contained in Paragraph 172.

173.    Shaw Defendants admit that Relator worked on Parcel D-1 after he was hired by Shaw as a temporary radiological control technician assigned to HPS on or about February 26, 2011. Shaw Defendants deny the allegations contained in Paragraph 173.

174.    Shaw Defendants deny the allegations contained in Paragraph 174.

175.    Shaw Defendants deny the allegations contained in Paragraph 175.

176.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 and therefore those allegations are denied.

177.    Shaw Defendants deny the allegations contained in Paragraph 177.

178.    Shaw Defendants deny the allegations contained in Paragraph 178.

179.    Shaw Defendants deny the allegations contained in Paragraph 179.

180.    Shaw Defendants deny the allegations contained in Paragraph 180.

181.    Shaw Defendants deny the allegations contained in Paragraph 181.

182.    Shaw Defendants deny the allegations contained in Paragraph 182.

183.    Shaw Defendants deny the allegations contained in Paragraph 183.

184.    Shaw Defendants deny the allegations contained in Paragraph 184.

185.    Shaw Defendants deny the allegations contained in Paragraph 185.

186.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 186, which relate to the alleged conversation between Relator and Jeff Sumlin and Relator's opinions regarding the same. Shaw Defendants deny the remaining allegations contained in Paragraph 186.

187.    Paragraph 187 purports to describe the process outlined in various written documents governing work on HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents. Shaw Defendants deny the remaining allegations contained in Paragraph 187.

188.    The second sentence of Paragraph 188 purports to describe Shaw's contractual obligations, which are governed by the various written documents governing work at HPS. These

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents. Shaw Defendants deny the remaining allegations contained in Paragraph 188.

189.    Shaw Defendants deny the allegations contained in Paragraph 189.

190.    Paragraph 190 purports to describe Shaw's contractual obligations, which are governed by the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

191.    Paragraph 191 purports to describe Shaw's contractual obligations, which are governed by the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents.

192.    Shaw Defendants deny the allegations contained in Paragraph 192.

193.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 and therefore those allegations are denied.

194.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 and therefore those allegations are denied.

195.    Shaw Defendants deny the allegations contained in Paragraph 195.

196.    Shaw Defendants deny the allegations contained in Paragraph 196.

197.    The second and third sentences of Paragraph 197 purports to describe Shaw's contractual obligations, which are governed by the various written documents governing work at HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents. Shaw Defendants deny the remaining allegations contained in Paragraph 197.

198.    Shaw Defendants deny the allegations contained in Paragraph 198.

1    199.    Shaw Defendants deny the allegations contained in the first sentence of Paragraph
2    199. As to the second sentence of Paragraph 199, Shaw Defendants are without knowledge or
3    information as to Relator's subjective beliefs, but deny that the beliefs described are accurate.

4    200.    Shaw Defendants deny the allegations contained in Paragraph 200.

5    201.    Shaw Defendants deny the allegations contained in Paragraph 201.

6    202.    Shaw Defendants deny the allegations contained in Paragraph 202.

7    203.    Shaw Defendants deny the allegations contained in Paragraph 203.

8    204.    Shaw Defendants deny the allegations contained in Paragraph 204.

9    205.    Shaw Defendants deny the allegations contained in Paragraph 205.

10    206.    Paragraph 206 purports to describe Shaw's contractual obligations, which are
11    governed by the various written documents governing work at HPS. These written work plans and
12    documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain
13    language of the documents.

14    207.    The first sentence of Paragraph 207 purports to describe Shaw's contractual
15    obligations, which are governed by the various written documents governing work at HPS. These
16    written work plans and documents speak for themselves. Shaw Defendants deny any allegations
17    inconsistent with the plain language of the documents. As to the remaining allegations of Paragraph
18    207, Shaw Defendants are without knowledge or information as to Relator's subjective beliefs, but
19    deny that the beliefs described in Paragraph 207 are accurate.

20    208.    Shaw Defendants admit to the presence of asphalt on Gun Mole Pier, the removal of
21    which was governed by Shaw's contracts with the Navy. Paragraph 208 purports to describe Shaw's
22    contractual obligations, which are governed by the various written documents governing work at
23    HPS. These written work plans and documents speak for themselves. Shaw Defendants deny any
24    allegations inconsistent with the plain language of the documents.

25    209.    Shaw Defendants admit that Relator worked as a radiological control technician on
26    Parcel D-1 after he was hired by Shaw as a temporary radiological control technician, assigned to
27    HPS on or about February 26, 2011. Shaw Defendants deny that Relator was specifically
28    "responsible for collecting soil samples for the radiological tests."

1     210.    Shaw Defendants deny the allegations contained in Paragraph 210.

2     211.    Shaw Defendants are without knowledge or information sufficient to form a belief

3   as to the truth of the allegations contained in Paragraph 211 and therefore those allegations are

4   denied.

5     212.    Shaw Defendants are without knowledge or information sufficient to form a belief

6   as to the truth of the allegations contained in the first sentence of Paragraph 212 and therefore those

7   allegations are denied. Shaw Defendants deny the remaining allegations contained in Paragraph

8   212.

9     213.    Shaw Defendants are without knowledge or information sufficient to form a belief

10  as to the truth of the allegations contained in the first and second sentences of Paragraph 213 and

11  therefore those allegations are denied. Shaw Defendants deny the remaining allegations contained

12  in Paragraph 213.

13    214.    Shaw Defendants deny the allegations contained in Paragraph 214.

14    215.    Shaw Defendants deny the allegations contained in Paragraph 215.

15    216.    Shaw Defendants deny the allegations contained in Paragraph 216.

16    217.    Shaw Defendants admit that background levels of radiation must be accounted for in

17  assessing the radioactivity of a source and that these levels can change. Shaw Defendants deny the

18  remaining allegations contained in Paragraph 217.

19    218.    Shaw Defendants admit that background radiation levels are used in assessing the

20  radioactivity of a source through various methods. Shaw Defendants deny the remaining allegations

21  contained in Paragraph 218.

22    219.    Shaw Defendants admit that Shaw used a template spreadsheet, known as a macro,

23  which contained a formula to calculate the minimum detectable activity ("MDA") or minimum

24  detectable concentrations ("MDC"). Shaw Defendants deny the remaining allegations in Paragraph

25  219.

26    220.    Paragraph 220 purports to quote the terms of a document that speaks for itself. Shaw

27  Defendants deny any allegations inconsistent with the plain language of the written document.

28    221.    Shaw Defendants deny the allegations contained in Paragraph 221.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

222.    Shaw Defendants admit that, after receiving notices of violation related to work at Treasure Island, they reviewed their work at HPS. Because Shaw Defendants were also using a $2\pi$ factor in the macro on HPS, they adjusted the macro on all spreadsheets (Treasure Island and HPS) on a going-forward basis in 2011. The MDC for instruments used at HPS was always significantly below the Navy's cut-off for release, meaning the instruments were already more sensitive than the Navy's minimum requirements, and thus, changes to the macro did not materially change scan results at HPS. Specifically, every item initially found suitable for release remained suitable for release after reviewing the macro. Shaw Defendants deny the allegations of Paragraph 222 where inconsistent with this express admission.

223.    Shaw Defendants deny the allegations contained in Paragraph 223.

224.    Shaw Defendants deny the allegations contained in Paragraph 224.

225.    Paragraph 225 purports to quote written documents governing work on HPS. These documents speak for themselves. Shaw Defendants deny any allegations inconsistent with the plain language of the documents. Shaw Defendants further deny that they failed to comply with any procedures required by such documents.

226.    Shaw Defendants deny the allegations contained in Paragraph 226.

227.    Shaw Defendants deny the allegations contained in Paragraph 227.

228.    Shaw Defendants deny the allegations contained in Paragraph 228.

229.    Shaw Defendants deny the allegations contained in Paragraph 229.

230.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 230 and therefore those allegations are denied. Shaw Defendants deny the remaining allegations contained in Paragraph 230.

231.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 231 and therefore those allegations are denied.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

232.    Shaw Defendants admit that Shaw surveyed areas of the vault and utility corridors on the Gun Mole Pier for radioactivity in 2012. Shaw Defendants deny the remaining allegations contained in Paragraph 232.

233.    Shaw Defendants deny the allegations contained in Paragraph 233.

234.    Shaw Defendants deny the allegations contained in Paragraph 234.

235.    Shaw Defendants admit that there are certain regulations governing exposure to asbestos, which speak for themselves. Shaw Defendants deny the remaining allegations contained in Paragraph 235.

236.    Shaw Defendants deny the allegations contained in Paragraph 236.

237.    Shaw Defendants deny the allegations contained in Paragraph 237.

238.    Shaw Defendants deny the allegations contained in Paragraph 238.

239.    Shaw Defendants admit that they had certain contracts with Navy, which speak for themselves.  Shaw Defendants further state that the various pleadings referenced in this paragraph speak for themselves.  With regard to allegations pertaining to other parties, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239 and therefore those allegations are denied.

240.    Shaw Defendants admit that they had certain contracts with the Navy, which speak for themselves. The remaining allegations pertaining to Shaw Defendants are denied. With regard to allegations pertaining to other parties, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240 and therefore those allegations are denied.

241.    As best Shaw Defendants can determine, the allegations of Paragraph 241 relate solely to the actions of other parties. As such, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 241 and therefore those allegations are denied. To the extent that these allegations are raised or relate to Shaw Defendants, they are denied.

242.    As best Shaw Defendants can determine, the allegations of Paragraph 242 relate solely to the actions of other parties. As such, Shaw Defendants are without knowledge or

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 242 and therefore those allegations are denied. To the extent that these allegations are raised or relate to Shaw Defendants, they are denied.

243.    As best Shaw Defendants can determine, the allegations of Paragraph 243 relate solely to the actions of other parties. As such, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 243 and therefore those allegations are denied. To the extent that these allegations are raised or relate to Shaw Defendants, they are denied.

244.    As best Shaw Defendants can determine, the allegations of Paragraph 244 relate solely to the actions of other parties. As such, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 244 and therefore those allegations are denied. To the extent that these allegations are raised or relate to Shaw Defendants, they are denied.

245.    As best Shaw Defendants can determine, the allegations of Paragraph 245 relate solely to the actions of other parties. As such, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 245 and therefore those allegations are denied. To the extent that these allegations are raised or relate to Shaw Defendants, they are denied.

246.    As best Shaw Defendants can determine, the allegations of Paragraph 246 relate solely to the actions of other parties. As such, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 246 and therefore those allegations are denied. To the extent that these allegations are raised or relate to Shaw Defendants, they are denied.

247.    As best Shaw Defendants can determine, the allegations of Paragraph 247 relate solely to the actions of other parties. As such, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 247 and therefore those allegations are denied. To the extent that these allegations are raised or relate to Shaw Defendants, they are denied.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

248.    As best Shaw Defendants can determine, the allegations of Paragraph 248 relate solely to the actions of other parties. As such, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 248 and therefore those allegations are denied. To the extent that these allegations are raised or relate to Shaw Defendants, they are denied.

249.    As best Shaw Defendants can determine, the allegations of Paragraph 249 relate solely to the actions of other parties. As such, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 249 and therefore those allegations are denied. To the extent that these allegations are raised or relate to Shaw Defendants, they are denied.

250.    As best Shaw Defendants can determine, the allegations of Paragraph 250 relate solely to the actions of other parties. As such, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 250 and therefore those allegations are denied. To the extent that these allegations are raised or relate to Shaw Defendants, they are denied.

251.    As best Shaw Defendants can determine, the allegations of Paragraph 251 relate solely to the actions of other parties. As such, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 251 and therefore those allegations are denied. To the extent that these allegations are raised or relate to Shaw Defendants, they are denied.

252.    The allegations of Paragraph 252 relate solely to the actions of other parties, and no response is required. To the extent a response is required, Shaw Defendants are without knowledge sufficient to form a belief as to the truth of these allegations and therefore those allegations are denied.

253.    The allegations of Paragraph 253 relate solely to the actions of other parties, and no response is required. To the extent a response is required, Shaw Defendants are without knowledge sufficient to form a belief as to the truth of these allegations and therefore those allegations are denied.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

254. The allegations of Paragraph 254 relate solely to the actions of other parties, and no response is required. To the extent a response is required, Shaw Defendants are without knowledge sufficient to form a belief as to the truth of these allegations and therefore those allegations are denied.

255. The allegations of Paragraph 255 relate solely to the actions of other parties, and no response is required. To the extent a response is required, Shaw Defendants are without knowledge sufficient to form a belief as to the truth of these allegations and therefore those allegations are denied.

256. The allegations of Paragraph 256 relate solely to the actions of other parties, and no response is required. To the extent a response is required, Shaw Defendants are without knowledge sufficient to form a belief as to the truth of these allegations and therefore those allegations are denied.

257. The allegations of Paragraph 257 relate solely to the actions of other parties, and no response is required. To the extent a response is required, Shaw Defendants are without knowledge sufficient to form a belief as to the truth of these allegations and therefore those allegations are denied.

258. The allegations of Paragraph 258 relate solely to the actions of other parties, and no response is required. To the extent a response is required, Shaw Defendants are without knowledge sufficient to form a belief as to the truth of these allegations and therefore those allegations are denied.

259. The allegations of Paragraph 259 relate solely to the actions of other parties, and no response is required. To the extent a response is required, Shaw Defendants are without knowledge sufficient to form a belief as to the truth of these allegations and therefore those allegations are denied.

260. The allegations of Paragraph 260 relate solely to the actions of other parties, and no response is required. To the extent a response is required, Shaw Defendants are without knowledge sufficient to form a belief as to the truth of these allegations and therefore those allegations are denied.

261.    The allegations of Paragraph 261 relate solely to the actions of other parties, and no response is required. To the extent a response is required, Shaw Defendants are without knowledge sufficient to form a belief as to the truth of these allegations and therefore those allegations are denied.

262.    The allegations of Paragraph 262 relate solely to the actions of other parties, and no response is required. To the extent a response is required, Shaw Defendants are without knowledge sufficient to form a belief as to the truth of these allegations and therefore those allegations are denied.

263.    Shaw Defendants admit that they had certain contracts with the Navy, which speak for themselves. The remaining allegations pertaining to Shaw Defendants are denied. With regard to allegations pertaining to other parties, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 263 and therefore those allegations are denied.

264.    This paragraph is incorrectly numbered in the TAC as a duplicate Paragraph 263. The allegations of this paragraph pertaining to Shaw Defendants are denied. With regard to allegations pertaining to other parties, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 264 and therefore those allegations are denied.

265.    Shaw Defendants admit that they performed work on Treasure Island under certain contracts, which speak for themselves, and that they found radioactive materials at Treasure Island. Shaw Defendants deny the remaining allegations contained in Paragraph 265.

266.    Shaw Defendants deny the allegations contained in Paragraph 266.

267.    Shaw Defendants deny the allegations contained in Paragraph 267.

268.    Shaw Defendants deny the allegations contained in Paragraph 268.

269.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 269 and therefore those allegations are denied.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

270.    Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 270 and therefore those allegations are denied.

271.    Shaw Defendants admit that McLaughlin was hired by Shaw as a temporary employee, assigned to HPS on or about February 26, 2011. Shaw Defendants deny that Relator's offer letter ever described employment as "steady." To the contrary, Shaw Defendants hired Relator expressly to support a short-term need. In February 2012, Shaw Defendants promoted Relator to full time status to assist Shaw in future HPS or other radiological needs/opportunities. On information and belief, Shaw Defendants admit that those other radiological needs may have included assignment to a project in North Carolina in 2012. Shaw Defendants deny the remaining allegations contained in Paragraph 271.

272.    Shaw Defendants admit that McLaughlin was promoted to full time status in February 2012 as a result of his technical and performance abilities. However, Shaw Defendants deny representing to Relator that he was guaranteed "long-term" employment and further deny making any representations regarding the "uncertaint[ies] associated with the job of radiological control technician. Shaw Defendants deny the remaining allegations in Paragraph 272.

273.    Shaw Defendants admit that McLaughlin received a warning in November 2011 but denies that it was in retaliation for any complaint or based on false allegations.

274.    Shaw Defendants admit that McLaughlin was employed by Shaw on various job assignments, which may have included projects in North Carolina and New York in 2012. Shaw Defendants deny the remaining allegations contained in Paragraph 274.

275.    Shaw Defendants admit that some employees have worked at both Treasure Island and HPS, but it is unclear the individuals to which this allegation is directed. As such, Shaw Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 275 and therefore those allegations are denied.

276.    Shaw Defendants deny the allegations contained in Paragraph 276.

277.    Shaw Defendants deny that McLaughlin's termination was ever unexplained. Shaw Defendants admit that McLaughlin was furloughed due to lack of available work in December 2012,

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1 | and terminated April 11, 2013, as part of a reduction in force. Shaw Defendants further deny the

2 | remaining allegations contained in Paragraph 277.

3 |     278.    Shaw Defendants deny that McLaughlin's termination was ever unexplained. Shaw

4 | Defendants admit that McLaughlin was furloughed due to lack of available work in December 2012,

5 | and terminated April 11, 2013, as part of a reduction in force. Shaw Defendants further deny the

6 | remaining allegations contained in Paragraph 278.

7 |     279.    Shaw Defendants deny the allegations contained in Paragraph 279.

8 |     280.    Shaw Defendants deny the allegations contained in Paragraph 280.

9 |     281.    Shaw Defendants state that the unspecified statutes, regulations, policies, and

10 | procedures listed in Paragraph 281 speak for themselves. Due to the vagueness of this reference,

11 | Shaw Defendants cannot admit or deny the remaining allegations of Paragraph 281, but deny that

12 | they violated any statutes, regulations, policies, and procedures.

13 |     282.    Shaw Defendants deny the allegations contained in Paragraph 282.

14 | **COUNT I**

15 |     283.    Shaw Defendants incorporate by reference their answers and responses to Paragraphs

16 | 1-282.

17 |     284.    The allegations set forth in Paragraph 284 call for a legal conclusion to which a

18 | response is not required. To the extent that a response is required, Shaw Defendants deny this

19 | allegation.

20 |     285.    Shaw Defendants deny the allegations contained in Paragraph 285.

21 |     286.    Shaw Defendants deny the allegations contained in Paragraph 286.

22 |     287.    Shaw Defendants deny the allegations contained in Paragraph 287.

23 |     288.    Shaw Defendants deny the allegations contained in Paragraph 288.

24 |     289.    Shaw Defendants deny the allegations contained in Paragraph 289.

25 |     290.    Shaw Defendants deny the allegations contained in Paragraph 290.

26 | **COUNT II**

27 |     291.    Shaw Defendants incorporate by reference their answers and responses to Paragraphs

28 | 1-290.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

292. The allegations set forth in Paragraph 292 call for a legal conclusion to which a response is not required. To the extent that a response is required, Shaw Defendants deny this allegation.

293. Shaw Defendants deny the allegations contained in Paragraph 293.

294. Shaw Defendants deny the allegations contained in Paragraph 294.

<b><u>COUNT III</u></b>

295. Shaw Defendants incorporate by reference their answers and responses to Paragraphs 1-294.

296. Shaw Defendants deny the allegations contained in Paragraph 296.

297. Shaw Defendants deny the allegations contained in Paragraph 297.

298. Shaw Defendants' deny the allegations contained in Paragraph 298.

299. Shaw Defendants deny the allegations contained in Paragraph 299.

300. The allegations set forth in Paragraph 300 call for a legal conclusion to which a response is not required. To the extent that a response is required, Shaw Defendants deny this allegation.

301. Shaw Defendants deny the allegations contained in Paragraph 301.

302. Shaw Defendants deny the allegations contained in Paragraph 302 and subparts a-d.

303. Shaw Defendants deny the allegations contained in Paragraph 303.

<b><u>COUNT IV</u></b>

304. Shaw Defendants incorporate by reference their answers and responses to Paragraphs 1-303.

305. Shaw Defendants deny the allegations contained in Paragraph 305.

306. Shaw Defendants deny the allegations contained in Paragraph 306.

307. Shaw Defendants deny the allegations contained in Paragraph 307.

308. Shaw Defendants deny the allegations contained in Paragraph 308.

<b><u>ANSWER TO PRAYER FOR RELIEF</u></b>

The remaining allegations contained in Relator's Prayer for Relief require no response. To the extent the Prayer for Relief requires a response to any allegations contained therein, Shaw

Defendants deny that they are liable to Relator for any claimed damages or costs. Shaw Defendants further deny that Relator is entitled to any relief sought from this Court in Paragraphs 309-316.

## AFFIRMATIVE DEFENSES

Shaw Defendants bring the following affirmative defenses to the Third Amended Complaint. Nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Relator's allegations. Shaw Defendants assert the following affirmative defenses without prejudice to their position that they do not have the burden of proof or persuasion to establish these defenses to the extent that the burden on the issue rests with Relator as a matter of law. Shaw Defendants reserve the right to amend their Answer to add affirmative defenses in addition to those listed below, consistent with the facts discovered in the case.

## FIRST DEFENSE

Relator's claims are barred in whole or in part by the applicable statute of limitations.

## SECOND DEFENSE

The violations alleged by Relator, if any, are the result of acts or omissions committed by third persons over whom Shaw Defendants had neither control nor responsibility, and whose actions or inactions cannot be imputed to Shaw Defendants. Further, Shaw Defendants are not responsible for any intentional misconduct committed by others.

## THIRD DEFENSE

Relator's claims are barred, in whole or in part, because the United States had actual or constructive knowledge of the relevant facts and claimed statistical anomalies, trends and effects of the reimbursement system and knowingly failed to question or audit the Defendants despite its ability to do so as demonstrated by the Relator in the Complaint or to more generally adjust the reimbursement system despite urging from other Governmental entities and knowledge of the utilization trends.

## FOURTH DEFENSE

Relator's claims are barred, in whole or in part, because the United States failed to mitigate any alleged damages after it had knowledge of relevant facts.

1

**FIFTH DEFENSE**

2

Relator's claims are barred, in whole or in part, under the doctrine of ratification.

3

**SIXTH DEFENSE**

4

Relator's claims are barred, in whole or in part, because there are no damages.

5

**SEVENTH DEFENSE**

6

Relator's claims are barred, in whole or in part, under the doctrine of waiver.

7

**EIGHTH DEFENSE**

8

Relator's claims are barred, in whole or in part, because the purportedly false statements

9

Relator's relies upon are not actionable statements of fact.

10

**NINTH DEFENSE**

11

Penalties and treble damages authorized under the False Claims Act so exceed any actual

12

loss incurred by the United States as a result of any claims paid, that the Act violates the Excessive

13

Fines Clause of the Eighth Amendment to the United States Constitution, and therefore is void.

14

**TENTH DEFENSE**

15

The Complaint and each purported cause of action fails in whole or in part to state a claim

16

on which relief can be granted to Relator.

17

**ELEVENTH DEFENSE**

18

The Complaint and each purported cause of action set forth therein fails to comply with

19

Federal Rule of Civil Procedure 9(b) in that the allegations are not stated with particularity.

20

**TWELFTH DEFENSE**

21

Relator fails to allege the requisite intent on the part of Shaw Defendants sufficient to state

22

a claim pursuant to the False Claims Act, and Defendants did not "knowingly" act in violation of

23

the False Claims Act. Further, Defendants acted in good faith and not with any improper or illegal

24

purpose, intent, or knowledge.

25

**THIRTEENTH DEFENSE**

26

Relator's claims are barred, in whole or in part, because Shaw Defendants' conduct was in

27

compliance with, or authorized by, laws and regulations administered by any regulatory body or

28

officer acting under statutory authority.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FOURTEENTH DEFENSE

Even if true, the Complaint's allegations of Shaw Defendants' conduct were not material to the payment of any purportedly false or fraudulent claim and are insufficient to constitute a pattern of false payments.

### FIFTEENTH DEFENSE

Relator's claims are barred because they rely upon ambiguous provisions of the False Claims Act and other provisions of law, and the rule of lenity requires such ambiguities to be construed in Shaw Defendants' favor. Relator's claims are barred in whole or in part by the Due Process Clause of the United States Constitution in part because the rules and regulations claimed to have been violated and are not in a single location, are not uniformly or consistently enforced or capable of a single interpretation. To the extent Defendants' actions are found to be in violation of the law, the law and the rules and regulations upon which the Relator relies are too vague, unclear and/or contradictory to give Shaw Defendants fair warning of the conduct prohibited.

### SIXTEENTH DEFENSE

Relator's claims are barred because Shaw Defendants have not made, or caused to be made, any false claims for payment.

### SEVENTEENTH DEFENSE

An award of statutory or punitive damages would violate Shaw Defendants' rights to due process, and Relator's claim for damages is thus barred by the Constitution of the United States.

### EIGHTEENTH DEFENSE

Shaw Defendants' reading of the statutes and regulations in this case were objectively and/or subjectively reasonable and there was no rules or guidance warning away from those constructions, such that Shaw Defendant were operating based on a reasonable interpretation of law, and therefore could not have acted with the requisite scienter.

### NINETEENTH DEFENSE

Relator cannot prove the elements of his claim and has not carried, and cannot carry, his burden to demonstrate a prima facie case of retaliation.

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1

**TWENTIETH DEFENSE**

2

Relator's claims are barred by the first-to-file doctrine.

3

**TWENTY-FIRST DEFENSE**

4

Relator's claims are barred by the public disclosure bar.

5

**TWENTY-SECOND DEFENSE**

6

Relator's claims are barred by the government action bar.

7

**TWENTY-THIRD DEFENSE**

8

Relator's claims are barred by the United States' intervention in *U.S. ex rel. Jahr v. Tetra*

9

*Tech EC. Inc.*, Case No. 13-CV-3835 (N.D. Cal.).

10

**TWENTY-FOURTH DEFENSE**

11

Relator did not engage in conduct protected by California Labor Code § 1102.5, and

12

regardless, any alleged protected activity was not a contributing factor to any employment decision

13

or action by Shaw.

14

**TWENTY-FIFTH DEFENSE**

15

Any employment decisions or actions made by Shaw relating to Relator were based on

16

legitimate reasons independent from Relator's alleged protected activity.

17

**TWENTY-SIXTH DEFENSE**

18

Relator has failed to exhaust administrative remedies as required to bring his California-law

19

based claims.

20

Shaw Defendants reserve the right to amend this Answer to add further affirmative defenses

21

and allege any counterclaims when they are discovered.

22

WHEREFORE, Shaw Defendants request judgment:

23

1.    Dismissing the Complaint with prejudice;

24

2.    Denying all relief requested in the Complaint;

25

3.    Granting Defendant any appropriate costs and fees, including but not limited to

26

attorneys' fees as authorized by 31 U.S.C. § 3730(d)(4) or any other applicable statute; and

27

4.    Granting such other relief, available at law or equity, as may be just and proper.

28

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Dated: May 8, 2023

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*s/ Kimberly M. Ingram*

Kimberly B. Martin (admitted *pro hac vice*)
Bradley Arant Boult Cummings LLP
200 Clinton Avenue W, Suite 900
Huntsville, AL 35801
Phone: (256) 517-5155
kmartin@bradley.com

Kimberly M. Ingram (State Bar No. 305497)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203
Phone: (615) 252-3592
kingram@bradley.com

Lyndsay E. Medlin (admitted *pro hac vice*)
Bradley Arant Boult Cummings LLP
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Phone: (704) 338-6131
lmedlin@bradley.com

*Attorneys for Defendants Shaw Environmental*
*& Infrastructure, Inc., Chicago Bridge &*
*Iron Company N.V., Aptim Corporation,*
*and Aptim Federal Services, LLC*

SHAW DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT