1

2

3

4

5

6

David C. Anton (SBN 95852)
LAW OFFICE OF DAVID ANTON
1717 Redwood Lane
Davis, CA 95616
Telephone: (530) 220-4435
Email: davidantonlaw@gmail.com

*Attorneys for Relator McLaughlin*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| UNITED STATES OF AMERICA ex rel. KEVIN MCLAUGHLIN, | Case No. 3:14-cv-01509 |
|---|---|
| Plaintiffs, | **POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL WITHOUT CLIENT CONSENT** |
| v. | |
| SHAW ENVIRONMENTAL & INFRASTRUCTURE, INC., et al., | |
| Defendants. | Date: March 10, 2025 |
| | Time: 9:30 a.m. |
| | Courtroom: Courtroom C 15th Floor |
| | Magistrate Judge: Hon. Sally Kim |

**I    FACTS AND PROCEDURAL HISTORY**

In April 2014, the law firm of Phillips & Cohen represented Mr. McLaughlin and filed his original complaint for violation of the False Claims Act, 31 U.S.C. §3729 *et seq.* based upon the work of various Defendants for remediation work performed on a former Naval bases, Hunters Point Naval Shipyard ("Hunters Point"). The lawsuit further alleged that Defendants retaliated against Relator McLaughlin in violation of the False Claims Act and violated state laws prohibiting wrongful termination in violation of public policy and labor code violations for terminating and failing to re-hire Relator McLaughlin. In February of 2019, David Anton was added as counsel and the law firm of Phillips and Cohen substituted out as counsel of record, with the Court's consent to the substitution of counsel. (Dkt. No. 25) In February of 2019, David Anton filed a First Amended Complaint under seal. (Dkt. No. 23)

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL WITHOUT CLIENT CONSENT

- 1 -

1    In July of 2019, after five years of the case being under seal, the United States declined

2    intervention in the case, and the case was Ordered unsealed. (Dkt. No. 30) In December of 2019,

3    this case was deemed "related" to other cases by the Honorable Judge James Donato and was to

4    be litigated before Judge Donato.  (Dkt. No. 37) Motions to Dismiss the First Amended

5    Complaint were filed in December of 2019. (Dkt. No. 40) Thereafter, a Second Amended

6    Complaint and Third Amended Complaint were filed in February of 2020. (Dkt. 58 and 61) Due

7    to a bankruptcy notice, litigation was stayed in this case beginning in February of 2020. (Dkt.

8    No. 59) In July of 2020, third-party defendants filed motions to dismiss McLaughlin's claims

9    before Judge Donato, with the Shaw Defendants excluded from the motions due to the

10    bankruptcy stay. (Dkt. Nos. 77-80, 83-101, 104-119, 121) On October 12, 2020, the Shaw

11    Defendants moved to dismiss McLaughlin's Third Amended Complaint. (Dkt. 124-127) The

12    Defendants' motions to dismiss before Judge Donato were granted on June 28, 202.  Judge

13    Donato's "Order Re Motions To Dismiss Relators' Complaints" dismissed the entire case against

14    all defendants in this McLaughlin case on first-to-file grounds. (Dkt. 193 pp. 13:9-14:11)

15    On July 22, 2022, McLaughlin filed a Motion to Alter Judgment (Dkt. 195) and amended

16    the Motion to Alter Judgment on July 24, 2022. (Dkt. 196) On March 8, 2023, the Court amended

17    the dismissal of claims to be only against the Tetra Tech EC related Defendants, and re-opened

18    the case against the Shaw Defendants. (Dkt. 205 p. 2:23-27)   On March 22, 2023, the Shaw

19    Defendants filed a Motion For Leave To File for Reconsideration of Judge Donato's ruling re-

20    opening the case against the Shaw Defendants pursuant to Local Rule 7-9. (Dkt. 210) Judge

21    Donato did not approve of the Motion for Leave To File for Reconsideration, and Judge Donato

22    entered an Order on April 4, 2023, for the Shaw Defendants to file an Answer. (Dkt. 215) On

23    May 8, 2023, the Shaw Defendants filed an Answer to the McLaughlin Third Amended

24    Complaint, which reserved its arguments regarding the previously unconsidered motion to

25    dismiss arguments. (Dkt. 216)

26    After a status conference on September 8, 2023, Judge Donato entered an Order directing

27    that the McLaughlin case be no longer related, and the case was reassigned to this Court. (Dkt.

28    223, 225) Thereafter the Defendants brought additional Motions to Dismiss based upon a variety

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL WITHOUT CLIENT CONSENT

1    of grounds including the Public Disclosure Bar and Failure to State a Claim for Relief.  On

2    November 12, 2024 while the Motion to Dismiss decision was pending, the parties were involved

3    in a settlement process before the Honorable Peter Kang. Despite specific instructions that

4    personal appearance was necessary and despite the fact that counsel provided the airline ticket for

5    Mr. McLaughlin to attend, Mr. McLaughlin advised counsel at the last minute that he would not

6    personally attend.  With the assistance of counsel, Mr. McLaughlin participated in the settlement

7    conference via Zoom instead.

8         A week after the settlement conference concluded without resolution, the Court granted

9    the Motion to Dismiss in its "Order On Pending Motions To Dismiss" giving Relator "*one* more

10   opportunity" to attempt to amend the Complaint to state viable claims.  This Order was issued on

11   November 19, 2024. (Dkt. 272)

12        During 2024, counsel for McLaughlin engaged in discovery both in this case, and in the

13   once-related litigation before Judge Donato in *United States of America, ex rel. Jahr v. Tetra*

14   *Tech EC, Inc.* 3:13-CV-3835-JD. (*Jahr*) The *Jahr* case involved extensive discovery into the

15   Navy's remediation of Hunters Point, which is also the focus of the McLaughlin case. Millions of

16   pages of documents have been produced by the Navy, and over 100 people have been deposed in

17   that litigation all focused on the radiological remediation of Hunters Point. McLaughlin's

18   counsel, David Anton, is a counsel of record in the *Jahr* case, and has been intimately involved in

19   the discovery processes in that case.

20        As a result of the discovery in the McLaughlin case, the very extensive discovery in the

21   *Jahr* case, and the various rulings of the Court on Motions to Dismiss, counsel for McLaughlin

22   recommended a course of action to Relator McLaughlin.  Relator McLaughlin, however, had his

23   own ideas about which claims in the litigation should be pursued.  Counsel Anton sent numerous

24   e-mails explaining the legal implications of the various rulings and the impact of the discovery

25   obtained and gave Relator McLaughlin specific advice as to how to proceed.  Relator McLaughlin

26   has refused to take the advice of counsel insisting on pursuing a different path, which Counsel

27   believes to be unsupported by the law or facts. These facts are set forth in the Declaration of

28   David Anton, served and filed herewith.  However, should the Court require additional specific

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL WITHOUT CLIENT CONSENT

1  facts about the conflict between attorney and client, Counsel has filed an additional Ex Pate

2  Under Seal Declaration of David Anton, which has been served on Relator McLaughlin but has

3  not been given to any of the other parties to this litigation.  The Ex Parte Under Seal Declaration

4  is filed pursuant to the recommendation to proceed in this manner in the case of *Decker v. Zonic,*

5  2023 WL 7002678, *2 (D. Arizona 2023) and is intended to be accessed by the Judge only if the

6  general statements regarding the conflict are found to be insufficiently detailed to permit

7  withdrawal.

8  Relator's counsel has had to send numerous e-mails and letters to Relator McLaughlin

9  and has made a number of requests for phone contact about the case since Judge Kim's

10  November 2024 Order and counsel's conclusions regarding the case set forth in the ex parte under

11  seal declaration, with only one response from Mr. McLaughlin. In that one response, Mr.

12  McLaughlin insisted on pursuing a course of action that counsel David Anton has determined

13  cannot be pursued under existing law or through a good faith argument for the extension of

14  existing law. The one thing that has become clear is that counsel and client have divergent and

15  incompatible views on how to move forward and comply with Rule 11's requirements. Counsel

16  has strongly urged one course of action and provided valid legal authority for that advice.  The

17  client has refused that advice wishing to pursue a different contradictory course of action which

18  counsel finds to be without legal support and would violate his professional conduct duties.

19  On January 28, 2025, after a series of communications with Relator McLaughlin, counsel

20  advised his client that divergent and incompatible differences had developed between Client and

21  counsel as how to proceed, and if Client insisted on the divergent and incompatible litigation path

22  after reflection, that counsel would file a motion to withdraw after January 31, 2025. Client

23  advised counsel on January 31, 2025 that he would not agree to the litigation path forward that

24  counsel recommended, and insisted on pursuing a litigation path that counsel does not support.

25  Client has not agreed to allow counsel to withdraw as requested, compelling counsel to make this

26  Motion to Withdraw.

27  The ruling of this Court in the Order On Pending Motions To Dismiss granted Mr.

28  McLaughlin one more opportunity to amend the Complaint to state viable claims. Counsel, David

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL WITHOUT CLIENT CONSENT

1    Anton, has felt he is in a difficult position. On the one hand, he has a duty to protect the interests

2    of Mr. McLaughlin where possible despite seeking to withdraw as counsel. On the other hand, the

3    complaint amendment that Mr. McLaughlin insists go forward David Anton has concluded are

4    not consistent with existing law.  Placed in this difficult position, counsel has drafted a Fourth

5    Amended Complaint for Mr. McLaughlin or his subsequent counsel to consider for filing based

6    on the positions of Mr. McLaughlin.  However, since that Complaint contains the allegations that

7    Mr. McLaughlin insists on pursuing, despite counsel's advice to the contrary, the drafted Fourth

8    Amended Complaint will not be signed by David Anton or filed by David Anton.  Instead, the

9    Fourth Amended Complaint has been developed for Mr. McLaughlin and any replacement

10    counsel to review, edit, and consider filing to meet the directions of the Court's November 19,

11    2024 Order. The drafted Fourth Amended Complaint will be presented to Mr. McLaughlin by

12    February 7, 2025 for his use or to pass on to subsequent counsel.  This is done to mitigate any

13    prejudice to the client that withdrawal at this time may have.

14         The next Status Conference is currently scheduled for March 18, 2025.  Since the Client

15    received notice on January 28, 2025 that he should begin efforts to obtain substitute counsel there

16    is a significant amount of time for relator McLaughlin to find new counsel in advance of the

17    status Conference.  Counsel has provided contact information as to other counsel, and referred

18    Client to make contact with his prior counsel firm of Phillips & Cohen, which is well regarded in

19    the False Claims Act field.  There are no current motions pending and no discovery disputes, and

20    the pleadings are still being settled. Although this case has aged in years it is still in the beginning

21    stages of litigation.  The case was under seal for five years (Dkt 30, July 1, 2019), multiple

22    bankruptcy stays were granted, stays were in effect due to dispositive motions on the pleadings

23    including a nearly two-year wait for the ruling on the 2020 motions to dismiss issued on June 28,

24    2022 (Dkt. 193), and the resulting motion to amend the judgment which was granted on March 8,

25    2023, (Dkt 206).  Discovery has not been completed and new counsel can proceed as they see fit

26    in discovery, expert discovery and dispositive motions, limiting any prejudice to Relator

27    McLaughlin in moving forward with new counsel. Counsel David Anton has informed counsel

28    for the Shaw Defendants that he would be filing on February 3, 2025 a motion to withdraw as

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL WITHOUT CLIENT CONSENT

1    counsel for Mr. McLaughlin. Counsel for the Shaw Defendants, after consulting with their client,

2    advised that the Shaw Defendants did not oppose David Anton's motion to withdraw as counsel.

3    As justifiable cause exists to permit counsel to withdraw from this case, without the consent of

4    the client, and any prejudice to the client is minimal, counsel respectfully requests that he be

5    permitted to withdraw.

6

7    **II.    JUSTIFIABLE CAUSE EXISTS TO PERMIT COUNSEL TO WITHDRAW FROM REPRESENTATION WITHOUT CLIENT CONSENT.**

8    The Ninth Circuit requires counsel to show that there is "justifiable cause" before being

9    granted leave to withdraw from representation without the client's consent.  See, ***Lovvorn v.***

10   ***Johnston*, 118 F.2d 704, 706 (9th Cir. 1941)** "An attorney may not, in the absence of the client's

11   consent, withdraw from a case without justifiable cause; and then only after proper notice to his

12   client, and on leave of the court."  Justifiable cause is not a strict demanding standard.  ***See,***

13   ***Decker v. Zonic* 2023 WL 70002678 (D. AZ 2023).** Withdrawal of counsel is governed by

14   Northern District of California Local Rule 11-5 which provides:

15
          1. (a) Order Permitting Withdrawal. Counsel may not withdraw from an action
16        until relieved by order of the Court after written notice has been provided,
          reasonably in advance, to the client and to all other parties who have appeared in
17        the case.
          2. (b) Conditional Withdrawal. When withdrawal by an attorney from an action is
18        not accompanied by simultaneous appearance of substitute counsel or agreement
          of the party to appear pro se, leave to withdraw may be subject to the condition
19        that papers may continue to be served on counsel for forwarding purposes, unless
          and until the client appears by other counsel or pro se. When this condition is
20        imposed, counsel must notify the party of this condition. Any filed consent by the
          party to counsel's withdrawal under these circumstances must include
21        acknowledgment of this condition.

22

23   Counsel has provided written notice to Mr. McLaughlin and counsel for the Shaw Defendants on

24   January 31, 2025, as well as by way of service of this motion on February 3, 2025, as Rule 11-5 1

25   (a) required. Counsel agrees to continue to be served all papers until Mr. McLaughlin either

26   appears pro se or other counsel appears as Rule 11-5 2 (b) provides.

27   The trial court has broad discretion in allowing attorneys to withdraw. ***LaGrand v.***

28   ***Stewart,* 133 F.3d 1253, 1269 (9th Cir. 1998);** *Estate of Falco,* **188 Cal.App.3d 1004, 1014**

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL WITHOUT CLIENT CONSENT

- 6 -

**(1987).** In considering a motion to withdraw, the California Rules of Professional Conduct are interpreted according to California state law. ***Vahora v. Valley Diagnostics Laboratory, Inc.,*** **2018 WL 4292237, \*2 (E.D. CA 2018) (citing** *Williams v. Troehler,* **2010 WL 11570438, at \*2 (E.D. Cal. June 23, 2010).** The District Courts have looked to several factors when ruling on a Motion to Withdraw without consent including:

> 1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."). "[T]he trial court retains wide discretion in a civil case to grant or deny counsel's motion to withdraw." ***Vahora, supra, at \*3.***

The California Rules of Professional Conduct direct that an attorney **shall not:**

> "(2) present a claim or defense in litigation that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of the existing law."
> **California Rules of Professional Conduct, Rule 3.1. Meritorious Claims and Contentions**

The California Rules of Professional Conduct, Rule 1.16 Declining or Termination Representation provides that an attorney **shall withdraw** from the representation of a client if:

> (a)(2) the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act.

The California Rules of Professional Conduct, Rule 1.16 Declining or Termination Representation provides that an attorney **may withdraw** from the representation of a client if:

> (b)(1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;

It is unfortunate that counsel feels compelled to withdraw without the client's consent, but as set forth in the Declaration of David Anton, Client McLaughlin and Attorney Anton have divergent and incompatible views as to how the litigation should be conducted moving forward and what claims should be pursued. Counsel concludes that pursuing this litigation as client Mr.

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL WITHOUT CLIENT CONSENT

McLaughlin has insisted on would result in his violating the above-quoted California Rules of Professional Conduct, and FRCP Rule 11.  In the event that the information provided in the Declaration of David Anton does not provide sufficient information for the Court to make a determination on this Motion, the Ex Parte Under Seal Declaration of counsel David Anton sets forth additional details regarding the conflict and the inability of counsel and client to reconcile their differences. Mr. McLaughlin has refused to take Counsel's advice as to how to proceed. Under California's Rules of Professional Conduct seeking withdrawal is appropriate, mandatory, and warranted in these circumstances.

As this case is still in the stage of settling out the pleadings, little or no prejudice will be faced by the other litigants.  The Shaw Defendants have advised that through their counsel that the Shaw Defendants do not oppose the motion to withdraw, addressing prejudice to the defendants. Over the past ten years the case has been stayed for a majority of that time due to the case being under seal due to the DOJ investigation, stayed due to bankruptcies, delayed due to being related to other cases, then unrelated, the case languished in limbo land awaiting a ruling on a motion to dismiss for two years before Judge Donato, to then be dismissed and then partially reinstated after motions were made to the Court to reverse the dismissal.  Despite the passage of time the case is still fairly undeveloped and new counsel will be able to conduct discovery and move forward with the litigation quickly.  Currently, trial is set for July 14, 2026, which should not be disturbed by the withdrawal of counsel.  Some of the pre-trial dates may need to be moved but that is to be expected given the Court's November 2024 Order and the need to file amended pleadings and another anticipated round of dismissal motions.  Relator has been provided with Notice of counsel's intent to withdraw and counsel will work diligently to help Relator McLaughlin find new counsel and of course cooperate to transfer all information about the case to

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL WITHOUT CLIENT CONSENT
- 8 -

1  new counsel.  Although inconvenient there is no undue prejudice to the client, to other litigants, to

2  the administration of justice or unjust delay in the resolution of this matter.

3  **III. CONCLUSION**

4

5      Unfortunately, client and counsel have different and incompatible views as to how to

6  proceed with the litigation with the client insisting on a course of action that counsel deems to be

7  contrary to existing law or to the reasonable extension of exiting law.  This difference and conflict

8  requires counsel to seek permission to withdraw from representation.  Counsel has done

9  everything to minimize the impact including preparing a Fourth Amended Complaint for Mr.

10  McLaughlin which can be filed by Relator in Pro Per or can be provided to new counsel for filing

11  or modification.  Although the case has been pending for a long time the litigation of the claims

12  has been minimal as the case has been stayed while under seal for five years, and then stayed

13  once seal was lifted on numerous occasions for a variety of reasons and the parties are still in the

14  process of settling the pleadings so that viable well-pled claims can move forward.  New counsel

15  will be able to conduct the necessary discovery and move the case forward in a timely manner

16  since the trial date is set in July 2026.  As justifiable cause exists for counsel to withdraw and

17  since the prejudice to others is minimal, Counsel requests that the Motion to Withdraw without

18  client consent be granted.

19  Dated: February 3, 2025                        Respectfully submitted:

20

21

22

23                                                          David Anton,
                                                            Attorney for Relator McLaughlin
24

25

26

27

28