David C. Anton (SBN 95852)
LAW OFFICE OF DAVID ANTON
1717 Redwood Lane
Davis, CA 95616
Telephone: (530) 220-4435
Email: davidantonlaw@gmail.com

*Attorneys for Relator McLaughlin*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. KEVIN MCLAUGHLIN,<br><br>Plaintiffs,<br><br>v.<br><br>SHAW ENVIRONMENTAL & INFRASTRUCTURE, INC., et al.,<br><br>Defendants.<br>_____ | Case No. 3:14-cv-01509<br><br>**DECLARATION OF DAVID ANTON MOTION TO WITHDRAW AS COUNSEL WITHOUT CLIENT CONSENT**<br><br>Date:          March 10, 2025<br>Time:         9:30 a.m.<br>Courtroom: Courtroom C 15th Floor<br>Magistrate Judge:  Hon. Sally Kim |

**I, David Anton, declare as follows:**

1.  I am an attorney licensed to practice law in the State of California and have been admitted to practice in the United States District Court in and for the Northern District of California and I am the attorney of record for Relator Kevin McLaughlin in this False Claims Act lawsuit. This lawsuit involved claims that the Shaw Defendants violated the False Claims Act, 31 U.S.C. 3729 *et seq.* while performing remediation work primarily at a former Naval bases, Hunters Point Naval Shipyard ("Hunters Point"). The lawsuit further alleges that Defendants retaliated against Relator McLaughlin in violation of the False Claims Act and violated state laws prohibiting wrongful termination in violation of public policy and labor code violations for transferring, terminating, and failing to re-hire Relator McLaughlin.

2.     Prior to my involvement in representing Kevin McLaughlin the law firm of Phillips & Cohen represented Mr. McLaughlin. The initial Complaint was filed on April 1, 2014. Since I was representing several other Relators in other cases involving the remediation work at Hunters' Point the law firm of Phillips and Cohen substituted out as counsel of record and my offices were substituted in for Mr. McLaughlin in February of 2019. This case was originally deemed "related" to those other cases by the Honorable Judge James Donato and was to be litigated before Judge Donato.  On October 12, 2020, the Shaw Defendants moved to dismiss McLaughlin's Third Amended Complaint on the grounds that McLaughlin's complaint was untimely, failed to adequately allege materiality, the submission of false claims, a fraudulent scheme, scienter, conspiracy, facts supporting FCA retaliation, and facts supporting his derivative state law claims. After nearly two years after submission, on June 28, 2022, Judge Donato's "Order Re Motions To Dismiss Relators' Complaints" dismissed all defendants in this McLaughlin case on first-to-file grounds. ECF 193 pp. 13:9-14:11. Judge Donato concluded that based on the first-to-file dismissal of McLaughlin's claims, "the Court need not take up defendants' other arguments directed at those claims." ECF 193 p. 14:10-11

3.     On July 22, 2022, McLaughlin filed a Motion to Alter Judgment (ECF 195) and amended the Motion to Alter Judgment on July 24, 2022. ECF 196.  On March 8, 2023, the Court amended the dismissal of claims to be only against the Tetra Tech EC related defendants, and re-opened the case against the Shaw Defendants. ECF 205 p. 2:23-27.   On March 22, 2023, the Shaw Defendants filed a Motion For Leave To File for Dismissal pursuant to Local Rule 7-9. ECF 210. The Shaw Defendants requested the Court consider additional arguments raised initially in their original motions to dismiss that the Shaw Defendants contended were not previously considered by the Court because those arguments were held to be moot. ECF 210.  Judge Donato further entered an Order on April 4, 2023, for the Shaw Defendants to file an Answer, and on May 8, 2023, the Shaw Defendants filed an Answer to the McLaughlin Third Amended Complaint, which reserved its arguments regarding the previously unconsidered motion to dismiss arguments. ECF 216.

1  After a status conference on September 8, 2023, Judge Donato entered an Order directing that the McLaughlin case be no longer related, and the case was reassigned to this Court. ECF 223, 225. Thereafter the Defendants brought additional Motions to Dismiss based upon a variety of grounds including the Public Disclosure Bar and Failure to State a Claim for Relief. The Court on November 19, 2024, granted the Motion to Dismiss giving Relator "*one* more opportunity" to attempt to amend the Complaint to state viable claims. ECF 272.

4.  After more than a decade of litigation Relator Mclaughlin has one last chance to amend his Complaint to state claims for violations of the False Claims Act, retaliation, and wrongful discharge. Counsel has drafted for Mr. McLaughlin's consideration, and subsequent counsel's consideration a Fourth Amended Complaint to protect the rights of Relator McLaughlin. I will not file this drafted Fourth Amended Complaint because I have drafted it to meet Mr. McLaughlin's litigation demands, which I do not agree with as not being supported by existing law and facts, nor supportable by a good faith argument to extend existing law. I seek to withdraw from representation as differences have surfaced making it impossible for me as counsel to continue to represent Relator McLaughlin. If these general statements alone are insufficient to meet the requirements for withdrawal without consent, I have submitted an Ex Parte Under Seal Declaration with this motion which describes in greater detail the basis for my conclusion that pursuing this case as Mr. McLaughlin insists upon mean advocating for a position that is not warranted under existing law. I have used the Ex Parte Sealed Declaration at the recommendation in ***Decker v. Zonic,* 2023 WE 7002678, \*2 (D. Arizona 2023).**

5.  The parties engaged in a settlement process in November of 2024 before the Honorable Peter Kang. Despite specific instructions that personal appearance was necessary Mr. McLaughlin did not appear in person. Although my office provided him with airline tickets to attend Mr. McLaughlin informed me just before the settlement meeting that he would not come, I was able to arrange for Mr. McLaughlin to participate on Zoom instead. I have had to send numerous e-mails and letters and have made a number of requests for phone contact about the case since Judge Kim's November 2024 Order with only one response from Mr. McLaughlin. For weeks and months he would not respond to me. The one thing that has become clear is that I as

DECL. OF ANTON RE: MOTION TO WITHDRAW AS COUNSEL WITHOUT CLIENT CONSENT

- 3 -

counsel and client have divergent and incompatible views on how to best proceed moving forward. I am hesitant to provide the specifics of the issue creating conflict in a public filing because of concerns about disclosing privileged information or information that might harm Relators' pursuit of his claims with other counsel. I have strongly urged one course of action and provided valid legal authority and facts to support that advice.  Client has refused that advice wishing to pursue a different contradictory course of action which I find to be without legal support and I am concerned that conducting the litigation as instructed by the Client would create a violation of my obligations as counsel under Rule 11 and the California Rules of Professional Conduct.  Relator has also refused to allow counsel to withdraw, compelling me to make this Motion to Withdraw.

5. I have tried to place Mr. McLaughlin in a good position to review the case and secure other counsel as I can. I have suggested other knowledgeable attorneys whom the client can contact for representation. There is a several week period from January 29, 2025, the time when I advised Mr. McLaughlin to obtain another counsel to March 18, 2025, the next Status Conference.  This time period will allow time for Relator McLaughlin to diligently engage in efforts to obtain other counsel.  There are no current motions pending and no discovery disputes since the pleadings are still being settled. Since the case has been stayed due to dispositive motions on the pleadings, the filings of a bankruptcy by one of the Defendants, the  Court's rulings on the pleadings and the relation of this case to other cases, and then the transfer of this case, it is relatively early in the litigation process despite the passage of years so new counsel can proceed as they see fit in discovery, expert discovery and dispositive motions, limiting any prejudice to Relator McLaughlin in moving forward with new counsel.

6.     I have informed counsel for the defendants that I am compelled to file a motion to withdraw from counsel for Mr. McLaughlin. On February 3, 2025, counsel for the Shaw Defendants informed me that the defendants do not object to my withdrawal from the representation of Mr. McLaughlin.

//

DECL. OF ANTON RE: MOTION TO WITHDRAW AS COUNSEL WITHOUT CLIENT CONSENT

- 4 -

7. As I have set forth herein and in the Ex Parte Under Seal Declaration, there is justifiable cause to withdraw from this case, without the consent of the client. I respectfully request that I be permitted to withdraw and I will of course continue to work with Mr. McLaughlin to help him find other counsel to pursue the claims in the litigation.

I declare under penalty of perjury that the foregoing is true and correct and of my own personal knowledge. Executed in Davis, California on February 3, 2025.

David Anton

DECL. OF ANTON RE: MOTION TO WITHDRAW AS COUNSEL WITHOUT CLIENT CONSENT

- 5 -